**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(GREENBELT DIVISION)**

HD

Rcv'd by: [signature]

USDC - GREENBELT
'25 APR 18 AM10:14

| | |
|---|---|
| **BEAUFORT NICKSON**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**INTEGRITY, LLC f/k/a INTEGRITY MARKETING GROUP**<br><br>**DEFENDANT,** | **CASE NO.: 8:25-CV-00439-JRR**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

BEAUFORT NICKSON ("Plaintiff") Pro Se, herein referred to as (Plaintiff or Mr. Nickson) alleges the following against INTEGRITY LLC., f/k/a INTEGRITY MARKETING GROUP or DEFENDANT herein referred to as ("Defendant or Integrity").

## NATURE OF ACTION

1. Plaintiff brings this case against the Defendant for violations of the "Telephone Consumer Protection Act" ("TCPA") 47 U.S.C. 227.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331.

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

4. This Court has personal jurisdiction over Integrity because the tortious conduct at issue in this case substantially occurred in Maryland. Integrity through its many partners (agents) initiated and placed unsolicited and unauthorized phone calls to Plaintiff's cell phone relating to (Life Insurance, Final Expense Insurance and Medicare). Plaintiff lives in this District. U.S.C. 1391(b)(2). Additionally, Integrity has acquired and partnered with several Maryland companies (per its website) such as "Global Premier Benefits" located in Owings Mills, Maryland. "Maryland Life Insurance Services" also known as "FFL National" located in Bel Air, Maryland" and "SOS Financial Agency" located in Calverton, Maryland. Integrity's Maryland partners also sell insurance products like the other Integrity partner companies that are alleged in Plaintiff's complaint. Integrity has purposefully availed itself of the state of Maryland.

## PARTIES

5. Plaintiff is a natural person residing in Prince George's County, Maryland 20715.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153(39).

7. Defendant is a Delaware business entity with its principal place of business, head office, or otherwise valid mailing address at 1445 Ross Ave., 40th Floor. Dallas, Texas. 75202.

8. Defendant is a "person" as that term is defined by U.S.C. 153(39).

9. Integrity used its acquired partners, agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, insurers and

third-party vendors and sub-vendors to violate the "Telephone Consumer Protection Act" as well as the FCC's "Truth In Caller I.D. Act" by placing spoofed telemarketing calls without consent to Plaintiff's cell phone to sell its insurance products which Integrity facilitated or controlled and for the financial benefit of Integrity.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number (202) XXX-0048 that he's had for 24 years with the same wireless service provider and is charged monthly for his service plan.

11. Plaintiff is the only regular user, subscriber and carrier of this cellular telephone and uses it as his residential phone as it's the only phone he has.

12. Plaintiff's cellular telephone number has been registered on the "National Do Not Call Registry" since November 16, 2018. Please see exhibit [#1] "DNC" Registry.

13. Defendant's first illegal, unsolicited and unwanted telemarketing call was on October 05, 2021, at 3:32 P.M. from "Spoofed" phone number (202) 259-8734 Plaintiff was at an appointment when he answered his phone and heard beeping sounds before a live person came on the phone and identified himself as James with American Senior Benefits and stated he was calling regarding final expense insurance, Plaintiff immediately told the Defendant's representative he was not interested in its products or services. Defendant's call was upsetting and annoying to Plaintiff.

14. Defendant's second illegal, unsolicited and unwanted telemarketing call was on October 08, 2021, at 4:10 P.M. from "Spoofed" phone number (202) 286-7422 Plaintiff was in the middle of grocery shopping when he answered his phone and heard beeping sounds before a live person came on the line and identified himself as Alex with American Senior

Benefits, Plaintiff being annoyed asked "What are you calling about" the representative stated " I am calling to see if you are interested in our final expense insurance, we work with the top 25 insurance providers" Plaintiff interrupted the representative and stated " I am not interested please stop calling me" and disconnected the call. Plaintiff felt harassed and was annoyed by Defendants unwanted call.

15. Defendant's third illegal, unsolicited and unwanted telemarketing call was on October 11, 2021, at 12:12 P.M. from "Spoofed" phone number (202) 244-8343. Plaintiff was meditating when he was interrupted by Defendant's call and heard beeping sounds before a male voice came on the line and stated he was calling from American Benefits, Plaintiff immediately disconnected the call and was very upset his peace was disturbed.

16. Defendant's fourth illegal, unsolicited and unwanted telemarketing call was on October 11, 2021, at 4:06 P.M. from "spoofed" phone number (202) 262-9893, Plaintiff was trying to eat dinner when he was distracted and answered his phone and heard beeping sounds before a male came on the line and stated he was with American Benefits and started going through his script stating that they were the broker for 25 insurance companies and asked Plaintiff a series of questions such as do you smoke, do you drink, at this time Plaintiff heard several screeching sounds before another male who identified himself as Alex Nichols agent # 61 with American Senior Benefits calling regarding final expense insurance and that they were a broker working with the top 25 insurance companies and had multiple offices throughout the country. Plaintiff listened to the representatives' repeated script and informed the representative that he had spoken to him before (October 08) and to stop calling his cellphone and to take him off their call list. Plaintiff felt

harassed, annoyed and tired from Defendant's repeated calls. Plaintiff video recorded the call.

17. On October 15, 2021, Plaintiff sent Integrity's agent a certified letter (U.S. Certified Mail # 70203160000061801160) informing the agent of its violations of the Telephone Consumer Protection Act (TCPA). The agent ignored Plaintiff's letter and continued its illegal calling and harassing of Plaintiff which caused Plaintiff further injury. Please see Plaintiff's exhibit # 2 Letter to ("American Senior Benefits LLC"), additionally, Integrity, facilitates, controls and financially benefits from the calls its acquired partners (agents) make and the products they sell with multiple companies throughout the U.S.that have called Plaintiff on Integrity's behalf, specifically, "American Benefits, American Senior Benefits, Senior Solutions and Medicare Center", additionally, some of these partnered companies share the same business address as Integrity. Please see Plaintiff's exhibit # 3 ("Integrity partnered companies").

18. Defendant's fifth illegal, unsolicited and unwanted telemarketing call was on October 26, 2021, at 10:38 A.M. from "spoofed" phone number (202) 272-8645, Plaintiff was getting dressed when he was interrupted by Defendant's call, as Plaintiff answered his cellphone he heard a beeping sound before a male voice came on the line and stated his name was James with American Benefits calling regarding burial insurance, Plaintiff stated "You've called me before and I told you I was not interested" and disconnected the call. Again, Plaintiff felt annoyed, frustrated and harassed by Defendant's continued calling.

19. Defendant's sixth illegal, unsolicited and unwanted telemarketing call was on October 27, 2021, at 4:30 P.M. from "Spoofed" phone number (202) 244-6293. Plaintiff was trying to prepare dinner when he received this call which infuriated him causing him to feel agitated as he answered his phone Plaintiff heard beeping sounds as a male voice came on the line asking "how's the weather were you are" Plaintiff asked "whose calling" and the male said I'm calling from American Benefits hold on just a second" Plaintiff heard a screeching sound and another male came on the line and said "thank you so much for holding on this is agent number <inaudible> on a recorded line how are you doing today sir" what Plaintiff heard was James. The representative continued to state "we are an independent insurance broker working with the top 25 different insurance companies like Mutual of Omaha, Gerber AARP". At this point Plaintiff had told the representative that he had sent a letter and informed the representative that he was on the Do Not Call List. Plaintiff video recorded the call and again felt harassed and annoyed.

20. Defendant's seventh illegal, unsolicited and unwanted telemarketing call was on November 19, 2021, at 11:54 A.M. from "Spoofed" phone number (607) 444-6950, Plaintiff was at an appointment when he received this call and again heard beeping sounds before a male voice came on the call and said, "I'm calling you from American Benefits" Plaintiff immediately disconnected the call. Plaintiff was yet again feeling frustrated and harassed by defendant's repeated unwanted telemarking calls. Plaintiff called the Defendant's number back when he left his appointment and heard the Defendant's recorded message which stated the following in a male voice: "Thank you for calling American Benefits, America's best source for final expense insurance, press one to speak to an agent". Plaintiff video recorded the message.

21. Defendant's eighth illegal, unsolicited and unwanted telemarketing call was on November 19, 2021, at 3:57 P.M. from "Spoofed" phone number (534) 203-6965. Plaintiff intentionally refused to answer this call, knowing it was from the Defendant because of the previous calls Plaintiff received from the Defendant on this date. Plaintiff waited a few minutes and called the number back and indeed it was the Defendant's recorded message in a male voice which stated the following: " Thank you for calling American Benefits, America's best source for final expense insurance, press one to speak to an agent" Plaintiff pressed one and the recording stated: "unfortunately all of our agents are busy at the moment" Plaintiff, again was feeling frustration having to screen his calls due to the Defendant's harassment. Plaintiff, video recorded the message.

22. Defendant's nineth illegal, unsolicited and unwanted telemarketing call was on November 19, 2021, at 5:57 P.M. from "Spoofed" number (520) 524-5870. Plaintiff again heard beeping sounds before a male voice came on the line and stated his name was "James" with American Benefits which was the same name and voice Plaintiff heard before in other calls from the Defendant, Plaintiff yet again told Defendant he was not interested in its products and disconnected the call. Plaintiff continued to experience frustration, anger, stress, harassment and disbelief that the Defendant continued to call him.

23. Defendant's tenth illegal, unsolicited and unwanted telemarketing call was on November 20, 2021, at 12:14 P.M. from "Spoofed" phone number (518) 508-3921. Plaintiff was interrupted from having lunch when yet again he answered his phone and heard beeping sounds before a male came on the line and stated "Hi I'm calling you from American Senior Benefits about final expense insurance, Plaintiff listen to the representative's familiar script and told Defendant he was not interested. Plaintiff was disgusted by

Defendant's continued calling and use of spoofed phone numbers. Plaintiff was not able to record this call.

24. Defendant's eleventh illegal, unsolicited and unwanted telemarketing call was on November 30, 2021, at 3:43 P.M. from "Spoofed" phone number (209) 445-2995. Plaintiff was trying to rest and was disturbed by Defendant's call when he answered his phone and heard beeping sounds, as a male came on the call and started going through a script of questions regarding funeral, burial and cremation expenses, the Defendant's representative started calling Plaintiff by his last name as the representative stated "Mr. Nickson I'm calling you to inform you, you have 25 for a final expense program that is basically designed to provide 100% of the funeral and burial expenses insurance, Plaintiff asked "what company are you calling from again" and the representative stated " I'm with American Benefits" Plaintiff asked the representative "how did you get my information" the representative replied "Your information was provided to me by the company". This goes back to when Plaintiff sent the Defendant the October 15, 2021, letter regarding (TCPA) violations. Plaintiff asked the representative what was his name and he stated "Johnathan Reid" Plaintiff asked the representative where was American Benefits located, and he stated "Arizona" Plaintiff again informed the representative that he told American Benefits to stop calling him and that he was on the "Do Not Call List Registry". Plaintiff was annoyed and frustrated by Defendant's call. Plaintiff video recorded the call.

25. Defendant's twelfth illegal, unsolicited and unwanted telemarketing call was on December 17, 2021 from "Spoofed" phone number (202) 720-0612 at 3:43 P.M Plaintiff was meditating when he answered this call and heard beeping sounds before a male came on the call the representative started going through its script asking Plaintiff a series of qualifying

questions Plaintiff asked "what company are you with again" the representative replied "American Benefits" Plaintiff did not give any of his personal information, Plaintiff feigned interest until he was transferred to another male who upon coming on the line Plaintiff heard a screeching sound and the male stated " Hello final expense department this is Dillon on a recorded line agent 2282". Plaintiff immediately asked the agent "So what company do you work for" and the agent replied" "The name of my company we are called "Senior Solutions" we are a brokerage located in North Carolina also dealing with final expense insurance" Plaintiff continued to ask the agent questions in an attempt to put an end to the calls but the agent disconnected the call. Plaintiff felt frustration and anger due to the Defendant's repeated calls. Plaintiff video recorded the call.

26. Defendant's thirteenth illegal, unsolicited and unwanted telemarketing call was on March 01, 2022, from "Spoofed" phone number (202) 250-5821 at 11:12 A.M. Plaintiff was eating lunch when he answered his cellphone and heard beeping sounds before a male came on the line and started going over its script regarding funeral, burial and cremation expenses. Plaintiff asked the representative to repeat the name of the company he was with, and the representative replied "I'm calling you from American Benefits sir" in this call the representative tried to get Plaintiff to agree to receive autodial calls when Plaintiff would not agree the representative disconnected the call. Plaintiff was annoyed and again felt harassed by the Defendant's repeated and disruptive calls. Plaintiff video recorded this call.

27. Defendant's additional calls were, upsetting, stressful and aggravating to Plaintiff. Please see Plaintiff's Exhibit # 4 ("Cellphone Screenshots of Defendant's calls").

28. Defendant used an automatic telephone dialing system ("ATDS").

29. Plaintiff knew Defendant's calls were automated because of the frequency in which the calls came in and hearing beeping or screeching sounds and the use of multiple-spoofed phone numbers.

30. Plaintiff did not provide his prior express written consent, prior express consent, verbal or implied consent allowing Defendant to place telephone calls to his cellular phone.

31. Plaintiff is not nor was he ever a customer of the Defendant and has no business relationship with the Defendant whatsoever.

32. The telephone calls made to Plaintiff's cellular phone by the Defendant were not for emergency purposes as described in 47 U.S.C. 227 (B)(1)(A).

33. Under the "TCPA" and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statue.

34. Upon information and belief, the Defendant routinely conducts business in a manner which violates the "Telephone Consumer Protection Act" and has been named as a Defendant in multiple U.S. District Courts for said violations such as: "Campbell vs. Integrity Marketing Group LLC. 1:2023-CV-00187/ Nichols vs. Integrity Marketing Group LLC 3:22-CV-05560-JD and Newman vs. Integrity Marketing Group LLC 1:24-CV-03188 to name a few.

35. Defendant did not purchase and download the do not call list registry for area code (202) before illegally calling Plaintiff's cell phone thirteen times.

36. Defendant did not scrub its call list 31 days before calling Plaintiff's cellular phone.

37. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone number (202) 259-8734 altering the area code to resemble Plaintiff's, thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

38. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone number (202) 286-7422 altering the area code to resemble Plaintiff's, thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

39. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone number (202) 244-8343 altering the area code to resemble Plaintiff's, thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

40. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone number (202) 262-9893 altering the area code to resemble Plaintiff's, thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

41. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its

phone number (202) 272-8645 altering the area code to resemble Plaintiff's, thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

42. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone number (202) 244-6293 altering the area code to resemble Plaintiff's thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

43. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone number (202) 720-0612 altering the area code to resemble Plaintiff's thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

44. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone number (202) 250-5821 altering the area code to resemble Plaintiff's thereby harassing and inducing Plaintiff to answer his phone, although Defendant does not have an office located in Washington, D.C. or the surrounding metropolitan area.

45. Defendant devised a scheme to knowingly, willfully, deceptively and illegally transmit false information to be displayed on Plaintiff's cell phone "Caller ID" by "Spoofing" its phone numbers (607) 444-6950. (534) 203-6965. (520) 524-5870. (518) 508-3921. **Please Note:** at the time of filing of this complaint all of Defendant's "Spoofed" phone numbers

are no longer working, as Plaintiff has called each phone number and video recorded each with their various messages such as: (beeping sounds, silence, I'm sorry the number your calling is no longer in service or working, etc.)

46. Due to the conduct alleged herein, Plaintiff suffered concrete particularized harm in the form of lost time spent fielding unwanted autodialed calls, loss of use of his cellular telephone as the calls came in, battery drainage, harassment, annoyance and the invasion of privacy and intrusion upon his seclusion.

47. Defendant placed unsolicited telemarketing calls to Plaintiff's cell phone which is registered on the "Do Not Call" registry voluntarily and under its own free will.

48. Plaintiff never inquired about any products or services the Defendant provides and did not fill out any webform submissions requesting to be contacted by the Defendant.

49. Plaintiff never received an email message confirmation from the Defendant stating he opted-in giving consent to be contacted on his cell phone.

50. Plaintiff never received a text message confirmation from the Defendant stating he opted-in giving consent to be contacted on his cell phone.

51. Plaintiff never entered into an agreement with the Defendant to receive telemarketing calls on his cellphone.

52. The Defendant has no record of Plaintiff giving consent to be contacted on his cellphone in any medium.

**COUNT I**
**Defendant Violated the "TCPA" 47 U.S.C. 227(b)**
**Automatic Telephone Dialing System (ATDS-AUTO DIALER)**

53. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

54. The "TCPA" prohibits placing calls or text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. 227 (b)(1)(A)(iii).

55. Defendant placed thirteen (13) unsolicited telemarketing calls to Plaintiff's cellular telephone number using an Automatic telephone dialing system (ATDS) which has the present and/or future capacity to store, produce and/or dial such numbers using a random and/or sequential number generator. Alternatively, once Plaintiff sent the Defendant the October 15, 2021, (Demand letter) regarding its violations of the (TCPA) which was ignored, the calls continued and therefore, the Defendant willfully and knowingly placed an additional nine (9) unsolicited and unwanted telemarketing calls without Plaintiff's consent, using technology a prohibited system an (Auto Dialer) with the present and/or future capacity to store and/or produce telephone numbers and automatically dial those numbers without human intervention in violation of the TCPA.

56. Defendant uses an (ATDS) and/or software with the capability to generate, create, produce, dial and transmit, random, sequential or customized "Spoofed" phone numbers which transmit false caller I.D. information to consumers "AT WHIM" and en masse,

57. Defendant knew it was willfully and knowingly using an "ATDS" that transmitted false and misleading caller i.d. information to be displayed on Plaintiff's cellphone violating the Federal Communications Commission's (FCC) "Truth In Caller I.D. Act".

58. Plaintiff knew Defendant's calls were automated because the calls were not manually made and were generic scripted telemarketing calls and never referenced Plaintiff directly.

59. Without having had the benefit of discovery, Plaintiff cannot state with certainty the type of dialing system Defendant used to place the illegal calls which transmitted false caller i.d. information to Plaintiff's cellphone.

60. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing and pressuring Plaintiff to purchase its products or services.

61. The acts and/or omissions of the Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

62. As a result of the above violations of the "TCPA", Plaintiff has suffered the loses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT II**
**Defendant Violated the "TCPA" 47 U.S.C. 227 (c)**
**"Do Not Call" Registry**

63. Plaintiff incorporates the forgoing paragraphs as though the same were fully set forth at length herein.

64. The "TCPA" prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government this also includes cellular phones. 47 U.S.C. 227 (c).

65. Integrity has placed thirteen (13) telemarketing phone calls in a twelve (12) month period to Plaintiff on his residential cellphone which has been registered on the National Do Not Call Registry since November 2018.

66. Integrity's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing and pressuring Plaintiff to purchase its products or services.

67. The acts and/or omissions of Integrity were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right legal defense, legal justification or legal excuse.

68. As a result of Integrity's violations of the Telephone Consumer Protection Act ("TCPA"), Plaintiff has suffered concrete intangible particularized harms and has under (Article III) standing, a legal right conferred by Congress to seek redress from the Defendant's unwanted and illegal calls which caused (wasted time answering and recording phone calls, battery drainage, occupation of Plaintiff's phone as the calls came in, annoyance, disturbance, distraction, nuisance, frustration and intrusion upon seclusion and disturbing Plaintiff's personal peace). With the loses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff Beaufort Nickson respectfully prays for judgement as follows.

a. All actual damages Plaintiff suffered as provided under 47 U.S.C. 227 (b)(3)(b).

b. Statutory damages of $500.00 per violative telephone call as provided under 47 U.S.C. 227(b)(3);

c. Statutory damages of $500.00 per violative telephone call as provided under 47 U.S.C. 227(c )(5);

d. Treble damages of $1,500.00 per violative telephone call as provided under 47 U.S.C 227 (b)(3);

e. Treble damages in the amount of $1,500.00 per violative telephone call as provided under 47 U.S.C. 227 (c )(5)

f. $3,000.00 per call for the thirteen (13) illegal calls Defendant placed violating multiple provisions of the "TCPA" for a total of $39,500.00 Dollars.

g. Court cost and fees and any other relief this Honorable Court deems appropriate.

***DEMAND FOR JURY TRIAL***

PLEASE TAKE NOTICE that Plaintiff, Beaufort Nickson, demands a jury trial in this case.

Dated this 18th day of April 2025,

Respectfully Submitted

04-18-2025

Beaufort Nickson
12639 Millstream Drive
Bowie, Maryland. 20715
202-215-0048
beaufortnickson@yahoo.com
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I Beaufort Nickson hereby certify that on this 18th day of April 2025, a copy of the foregoing was served. Plaintiff's Motion for Leave To File" "Plaintiff's First Amended Complaint" via U.S. Postal service first class mail postage prepaid and/or electronic mail (email) to the following:

David B. Applefeld (Federal Bar No. 08311)
Patrick J.L. Dillon (Federal Bar No. 22119)
SHAPIRO SHER GUINOT & SANDLER, P.A.
250 West Pratt Street, Suite 2000
Baltimore, Maryland. 21201
Telephone: (410) 385-4267
Facsimile: (410) 539-7611
dba@shapirosher.com
pjld@shapirosher.com

Michael P. Lynn, P.C.
Texas Bar No. (12738500)
Email: mlynn@lynnllp.com

Joshua D. Lang
Texas Bar No. (24109450)
Email: jlang@lynnllp.com

Andy Kim
Texas Bar No. (24136638)
Email: akim@lynnllp.com

LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas. 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

*Attorneys for Defendant Integrity, LLC f/k/a Integrity Marketing Group LLC*

Respectfully Submitted.
Apr 18 2025
Beaufort Nickson
12639 Millstream Drive
Bowie, Maryland. 20715
(202) 215-0048
beaufortnickson@yahoo.com
Plaintiff Pro Se