**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| **BEAUFORT NICKSON,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 8:25-cv-00439-JRR** |
| **v.** | § | |
| | § | |
| **INTEGRITY, LLC f/k/a INTEGRITY MARKETING GROUP, LLC** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT INTEGRITY, LLC'S**
**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

## TABLE OF CONTENTS

INTRODUCTION .......... 6

FACTUAL BACKGROUND .......... 7

LEGAL STANDARD .......... 8

A. Standing .......... 8

B. Personal Jurisdiction. .......... 8

C. Failure to State a Claim Upon Which Relief can be Granted. .......... 10

ARGUMENT AND AUTHORITIES .......... 11

A. Plaintiff Lacks Standing to Sue Integrity. .......... 12

B. This Court Lacks Personal Jurisdiction Over Integrity. .......... 13

1. This Court Lacks General Jurisdiction over Integrity Because Integrity is Neither Incorporated nor Headquartered in Maryland. .......... 13

2. This Court Lacks Specific Jurisdiction over Integrity Because Integrity has not Purposefully Directed any Relevant Activity to Maryland. .......... 14

C. Plaintiff Failed to State a Claim Against Integrity Because all of his Allegations Related to Integrity are Conclusory and not Credible .......... 17

1. Taking all of Plaintiff's Well-Pleaded Claims as True, he has not Alleged Integrity did Anything Wrong. .......... 17

2. The Court Should Dismiss Plaintiff's Complaint Because Plaintiff Failed to Plausibly Allege that Integrity uses an ATDS. .......... 20

CONCLUSION .......... 22

## TABLE OF AUTHORITIES

**Cases**

*Aaronson v. CHW Group, Inc.*, No. 1:18-CV-1533, 2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ..... 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..... 11, 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 11

*Boso v. Rollyson*, No. 2:22-CV-17, 2023 WL 9316925 (N.D.W. Va. Nov. 1, 2023) ..... 12

*Brailey v. F.H. Cann & Associates, Inc.*, No. CIV. 6:14-0754, 2014 WL 7639909 (W.D. La. Dec. 5, 2014) ..... 21

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 582 U.S. 255 (2017) ..... 9, 15

*Bryant v. Byron Udell & Associates Inc.*, No. 123CV00414AJTLRV, 2023 WL 5180351, (E.D. Va. Aug. 11, 2023) ..... 18

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..... 9, 16

*Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood, SDN BHD*, 821 Fed. Appx. 243 (4th Cir. 2020) ..... 10, 17

*Crabtree v. Aon Ins. Managers (Bermuda) Ltd.*, No. 23-1959, 2025 WL 943371 (4th Cir. Mar. 28, 2025) ..... 9, 10, 17

*Cunningham v. Autoguard Advantage Corp.*, No. 323CV00238FDWSCR, 2024 WL 818381 (W.D.N.C. Feb. 27, 2024) ..... 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..... 9, 14

*Decoster v. Becerra,* 119 F.4th 332 (4th Cir. 2024) ..... 11, 19

*dmarcian, Inc. v. dmarcian Europe BV*, 60 F.4th 119 (4th Cir. 2023) ..... 8

*Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021) ..... 20, 21

*Fidelis Cybersecurity, Inc. v. Partner One Capital, Inc.*, No. CV 23-2196-BAH, 2025 WL 697076 (D. Md. Mar. 3, 2025) ..... 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ..... 9, 14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ..... 9

*Horton v. 360 Digital Mktg., LLC*, No. 3:22-CV-2475-E-BN, 2024 WL 3032447 (N.D. Tex. May 13, 2024) ..... 21

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .......... 8, 9, 10

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) .......... 9

*Lombel v. Flagstar Bank F.S.B.*, No. PWG-13-704, 2013 WL 5604543 (D. Md. Oct. 11, 2013) .......... 19

*Love v. Hogan*, No. 22-1928, 2025 WL 763473 (4th Cir. Mar. 11, 2025) .......... 11

*Mey v. All Access Telecom, Inc.*, No. 5:19-CV-00237-JPB, 2021 WL 8892199 (N.D.W. Va. Apr. 23, 2021) .......... 17

*Mirant Potomac River, LLC v. U.S. E.P.A.*, 577 F.3d 223 (4th Cir. 2009) .......... 13

*Nickson v. AAA Club Alliance, Inc.*, Case No. 8:25-cv-00585-GLR (D. Md.) .......... 6

*Nickson v. Advanced Marketing and Processing Inc.*, Case No. 22-CV-2203-DLB (D. Md.) .......... 6, 18, 21, 22

*Nickson v. All Web Leads Inc.*, Case No. 22-CV-1575-PJM (D. Md.) .......... 6

*Nickson v. Alleviate Tax LLC*, Case No. 8:25-cv-01042-TDC (D. Md.) .......... 6

*Nickson v. Assurance IQ LLC*, Case No. 22-CV-2495-PX (D. Md.) .......... 6

*Nickson v. Excel Impact, LLC*, Case No. 22-CV-1574-TDC (D. Md.) .......... 6

*Nickson v. Holcombe*, Case No. 1:24-cv-01944 (E.D. Va.) .......... 6

*Nickson v. Matrix Warranty Solutions, Inc.*, Case No. 22-CV2202-DLB (D. Md.) .......... 6

*Nickson v. Quinstreet, Inc.*, Case No. 22- CV-116-DLB (D. Md.) .......... 6

*Ortega v. DiTommaso Inc.*, No. 5:24-CV-00369-JKP, 2025 WL 440278 (W.D. Tex. Feb. 6, 2025) .......... 20

*Pandit v. Pandit*, 808 Fed. Appx. 179 (4th Cir. 2020) .......... 9

*Saudi v. Northrop Grumman Corp.*, 427 F.3d 271 (4th Cir. 2005) .......... 15

*Scruggs v. CHW Group, Inc.*, No. 2:20CV48, 2020 WL 9348208 (E.D. Va. Nov. 12, 2020) .......... 8, 12, 19

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .......... 8, 12

*State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420 (D. Md. 2019) .......... 16

*Thomas-Lawson v. Koons Ford of Baltimore, Inc.*, No. CV SAG-19-3031, 2020 WL 1675990 (D. Md. Apr. 6, 2020) .......... 20

*Thompson v. Genesco, Inc.*, No. 4:23-CV-00292-SRC, 2024 WL 81187 (E.D. Mo. Jan. 8, 2024) ........ 12

*Toombs v. Lowe's Home Centers, LLC*, No. CV GLS-22-2244, 2023 WL 4593372 (D. Md. July 18, 2023) ........ 14

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) ........ 8

*United States v. Bestfoods*, 524 U.S. 51 (1998) ........ 15

*Walden v. Fiore*, 571 U.S. 277 (2014) ........ 10, 15, 16

*Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387 (4th Cir. 1990) ........ 11

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........ 9, 10

**Constitutional Provisions & Statutes**

47 U.S.C. § 227 ........ 17, 20

**Rules & Regulations**

47 C.F.R. § 64.100 ........ 17

Fed. R. Civ. P. 12 (b)(1) ........ 6

Fed. R. Civ. P. 12 (b)(2) ........ 6, 8

Fed. R. Civ. P. 12 (b)(6) ........ 6, 8

Fed. R. Civ. P. 8 (a) ........ 6, 10

FED. R. CIV. P. 8 (a)(2) ........ 10

Pursuant to Rules 8 (a), 12 (b)(1), 12 (b)(2), and 12 (b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE, Defendant Integrity, LLC ("Integrity") moves to dismiss Plaintiff Beaufort Nickson ("Plaintiff")'s Complaint. In support hereof, Integrity respectfully shows as follows:

## INTRODUCTION

Plaintiff is a serial[1] litigant under the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"). In this case, Plaintiff attempts to hold Integrity liable for conduct that he concedes someone else did. There is no basis in law or logic to hold Integrity liable for the third party's conduct. Thus, the Court should dismiss Plaintiff's complaint for three reasons.

***First***, this Court lacks subject matter jurisdiction because Plaintiff lacks standing. FED. R. CIV. P. 12 (b)(1). An essential element of standing is the Plaintiff's injury must be fairly traceable to the Defendant's conduct. Here, Plaintiff alleges no facts that connect Integrity to any offending calls. Consequently, Plaintiff lacks standing, and this Court lacks jurisdiction.

***Second***, this Court lacks personal jurisdiction over Integrity. Even taking Plaintiff's allegations as true, a third-party entity—not Integrity—called Plaintiff who happens to be in Maryland. There is no allegation that Integrity "purposefully availed" itself of the privilege of doing business in Maryland. Accordingly, there is no allegation or evidence to support a finding that Integrity, or some other company, purposefully availed itself of Maryland. As such, this Court lacks jurisdiction, and the Court should dismiss Plaintiff's allegations.

---

[1] *See Nickson v. Holcombe*, Case No. 1:24-cv-01944 (E.D. Va.); *Nickson v. Advanced Marketing and Processing Inc.*, Case No. 22-CV-2203-DLB (D. Md.); *Nickson v. Assurance IQ LLC*, Case No. 22-CV-2495-PX (D. Md.); *Nickson v. All Web Leads Inc.*, Case No. 22-CV-1575-PJM (D. Md.); *Nickson v. Excel Impact, LLC*, Case No. 22-CV-1574-TDC (D. Md.); *Nickson v. Quinstreet, Inc.*, Case No. 22- CV-116-DLB (D. Md.); *Nickson v. Matrix Warranty Solutions, Inc.*, Case No. 22-CV2202-DLB (D. Md.). What is more, this case, filed on February 21, 2025, is not even Plaintiff's most recent TCPA case. *See Nickson v. Alleviate Tax LLC*, Case No. 8:25-cv-01042-TDC (D. Md.) (Greenbelt Division) (filed on March 31, 2025); *Nickson v. AAA Club Alliance, Inc.*, Case No. 8:25-cv-00585-GLR (D. Md.) (Greenbelt Division) (filed on February 21, 2025).

***Third***, Plaintiff's allegations are insufficient to state a plausible claim for relief against Integrity. Plaintiff's own allegations conclusively show that another company, named "American Senior Benefits" or "American Benefits" or "Senior Solutions", called Plaintiff. There is no allegation (nor could there be) that Integrity called or controlled any calls to Plaintiff. Even further, Plaintiff fails to plausibly allege facts that support an inference that Integrity either acted through an agent or used an automatic telephone dialing system ("ATDS"). Accordingly, the Court should dismiss this case.

## FACTUAL BACKGROUND

In this TCPA case, Plaintiff alleges that, between October 2021 and March 2022, he received thirteen telephone calls from a company called "American Senior Benefits" or "American Benefits" or "Senior Solutions." ECF 26 ¶¶ 13-26. Plaintiff does ***not*** allege that any caller identified themselves as working with Integrity. Although Plaintiff attaches what appears to be a screenshot of websites that identify American Benefit LLC as an affiliate of Integrity, Plaintiff does not allege facts illustrating the alleged nature of any relationship between Integrity and the company (or, companies) that called him, *i.e.*, "American Senior Benefits" or "American Benefits" or "Senior Solutions." ECF 26 ¶¶ 13-26.

Plaintiff's telephone number is a 202-area code number.[2] *Id.* ¶¶ 10, *see also id.* at 16. Plaintiff claims that he has not agreed or consented to receive telemarketing calls from such companies. *Id.* ¶¶ 30-31. Accordingly, Plaintiff claims that he is the victim of telemarketing calls in violation of the TCPA that were initiated by a third party with no plausible connection to Integrity.

2 "202" is an area code affiliated with Washington, D.C. https://www.nanpa.com/resources/area-code-maps#mapanchor (North American Area Code Administrator—Select D.C. on map).

## LEGAL STANDARD

### A. STANDING.

Federal courts only have jurisdiction if there is an actual case or controversy among the parties. U.S. CONST., art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quotations omitted). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element [of standing]." *Spokeo*, 578 U.S. at 338 (quotations and ellipses omitted). "In a facial [standing] challenge, the court evaluates the facts in a complaint using the same standard used for a Rule 12 (b)(6) motion to dismiss,—namely, all alleged facts are taken as true and the motion must be denied if the complaint alleges facts that, if proven, would be sufficient to sustain jurisdiction." *Scruggs v. CHW Group, Inc.*, No. 2:20CV48, 2020 WL 9348208, at *2 (E.D. Va. Nov. 12, 2020).

### B. PERSONAL JURISDICTION.

"Once the defendant contests personal jurisdiction under Federal Rule of Civil Procedure 12 (b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction at every stage." *dmarcian, Inc. v. dmarcian Europe BV*, 60 F.4th 119, 131 (4th Cir. 2023) (internal quotations omitted). To satisfy that burden, Nickson must show that Integrity "[has] certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).[3] Minimum

contacts exist when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State," such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

"A court may exercise two types of personal jurisdiction—general and specific." *Crabtree v. Aon Ins. Managers (Bermuda) Ltd.*, No. 23-1959, 2025 WL 943371, at *1 (4th Cir. Mar. 28, 2025). General jurisdiction exists if the defendant has such extensive, systematic, and continuous contacts with the forum state as to render the defendant essentially "at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "[A] corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014) (quoting *Int'l Shoe*, 326 U.S. at 318). Instead, general jurisdiction is usually only appropriate for a corporation in the place of incorporation or its principal place of business, because such place(s) "have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." *Id.* at 137.

"Specific jurisdiction is very different. For a state court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (all emphasis in original, internal quotations and brackets omitted); *see also Pandit v. Pandit*, 808 Fed. Appx. 179, 184 (4th Cir. 2020) ("[T]he plaintiff must show that the defendant purposefully directed his activities at residents of the forum, and that the plaintiff's cause of action arises out of or relates to those activities[.]") (internal quotations and brackets omitted) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 472 (1985), *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Jurisdiction cannot be

based on merely fortuitous circumstances. *Walden v. Fiore*, 571 U.S. 277, 286 (2014); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295-96 (1980).

Thus, "[a] court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Id.* In analyzing the minimum contacts, the Fourth Circuit explains, "we consider three factors: (1) the extent to which ***<u>the defendant purposefully availed itself</u>*** of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities ***<u>directed</u>*** at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood, SDN BHD*, 821 Fed. Appx. 243, 244 (4th Cir. 2020) (emphasis added) (internal quotations omitted); *accord Crabtree v. Aon Ins. Managers (Bermuda) Ltd.*, No. 23-1959, 2025 WL 943371, at *2 (4th Cir. Mar. 28, 2025).

Then, if a court finds that it has either general or specific jurisdiction, it must evaluate whether exercising such jurisdiction offends traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. Courts consider reasonableness factors such as "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Fidelis Cybersecurity, Inc. v. Partner One Capital, Inc.*, No. CV 23-2196-BAH, 2025 WL 697076, at *12 (D. Md. Mar. 3, 2025).

### C. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8 (a)(2). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Decoster v. Becerra,* 119 F.4th 332, 337 (4th Cir. 2024) ("Legal conclusions or conclusory statements do not suffice.") (citing *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotations, citations, and brackets omitted).

Although the Court should generally "accept[] the factual allegations of the complaint as true and constru[e] them in the light most favorable to the nonmoving party," a plaintiff cannot rely on "threadbare recitals of the elements of a cause of action[.]" *Love v. Hogan*, No. 22-1928, 2025 WL 763473, at *2 (4th Cir. Mar. 11, 2025) (internal brackets omitted). "In other words, a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Decoster*, 119 F.4th at 337 (internal quotations omitted).

## ARGUMENT AND AUTHORITIES

The Court should dismiss this case because it lacks both subject matter and personal jurisdiction, and Plaintiff has not plausibly alleged facts to support his claims. As the Court analyzes Plaintiff's complaint, it is important to note that although Plaintiff is proceeding *pro se*, that does not mean that the Court should grant him a free pass. Courts do liberally construe *pro se* pleadings, but *pro se* plaintiffs are still held to the same standards as represented parties. *See Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990); *Worsham*, 2021 WL 3212589, at *3 ("This Court is mindful of its obligation to liberally construe the pleadings of

*pro se* litigants. Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim."); *Cunningham v. Autoguard Advantage Corp.*, No. 323CV00238FDWSCR, 2024 WL 818381 (W.D.N.C. Feb. 27, 2024) (dismissing *pro se* TCPA case under ordinary legal principles); *see also Boso v. Rollyson*, No. 2:22-CV-17, 2023 WL 9316925, at *3 (N.D.W. Va. Nov. 1, 2023) ("*Pro se* status alone does not entitle a litigant to any special advantage or unfair advantage over one's opponent.").

### A. Plaintiff Lacks Standing to Sue Integrity.

Plaintiff lacks standing to Integrity because he has not "clearly" alleged facts to support the traceability element of standing. *Spokeo*, 578 U.S. at 338. At best, Plaintiff alleges that someone that is ***not*** Integrity called him, and he has not pleaded or alleged any basis to hold Integrity liable for that other person's conduct.

Courts in this Circuit have dismissed similarly defective allegations for lack of standing. That Court found that a TCPA plaintiff's alleged injuries were not fairly traceable to the Defendant, and thus plaintiff lacked standing to sue, because there were no allegations tying the offending calls to the Defendant. *Cunningham v. Autoguard Advantage Corp.*, No. 3:23-CV-00238, 2024 WL 818381, at *4 (W.D.N.C. Feb. 27, 2024). Further, as pled, the injury here is wholly "the result of the independent action of some third party not before the court which is fatal to satisfying the traceability prong of a standing analysis.'" *Scruggs v. CHW Group, Inc.*, No. 2:20CV48, 2020 WL 9348208, at *6 (E.D. Va. Nov. 12, 2020) (dismissing action for lack of standing). "While the Court must construe all allegations as true and draw all *reasonable* inferences in Plaintiff's favor, nothing on the face of the Amended Complaint or in the record before the Court suggests Plaintiff's injuries are fairly traceable to *any* unlawful conduct by Defendants…, particularly where it is clear that "[another company]" made the calls. *Id.* Other courts agree. *Thompson v. Genesco, Inc.,* No. 4:23-CV-00292-SRC, 2024 WL 81187, at *4 (E.D. Mo. Jan. 8, 2024)

("The problem in this case is that on the facts alleged, Thompson cannot claim that his injury stemmed from Genesco's challenged conduct.").

The same is also true here. Even if the Court accepts Plaintiff's allegations that he received illegal calls, there is nothing in the Complaint that connects that injury to Integrity. Plaintiff's Complaint makes that abundantly clear—when he spoke with the offending callers, they do not once identify themselves as making calls on behalf of Integrity—Plaintiff's allegations admit that these calls were on behalf of "American Senior Benefits" or "American Benefits" or "Senior Solutions. ECF 26 ¶¶ 13-26. For this same reason, Plaintiff's claim against Integrity lacks redressability, which is another reason why he lacks standing. *Mirant Potomac River, LLC v. U.S. E.P.A.*, 577 F.3d 223, 226 (4th Cir. 2009) ("An injury sufficient to meet the causation and redressability elements of the standing inquiry must result from the actions of the respondent, not from the actions of a third party beyond the Court's control."). *Mirant Potomac River, LLC v. U.S. E.P.A.*, 577 F.3d 223, 226 (4th Cir. 2009).

Without tracing his alleged harm to Integrity, there is no case or controversy among the parties, and Plaintiff lacks standing.

### B. THIS COURT LACKS PERSONAL JURISDICTION OVER INTEGRITY.

To save his complaint from dismissal, Plaintiff must plead facts that allow this Court to find it has either general or specific jurisdiction over Integrity and that such jurisdiction is reasonable. Because Plaintiff has not done so, the Court must dismiss this case.

#### 1. *This Court Lacks General Jurisdiction over Integrity Because Integrity is Neither Incorporated nor Headquartered in Maryland.*

"A court's exercise of general jurisdiction over a corporate defendant is proper where the defendant's affiliations with the forum state are so 'continuous and systematic' as to render it essentially 'at home.' For a corporation, a court can exercise general jurisdiction in the place of

incorporation and the [principal place of business]." *Toombs v. Lowe's Home Centers, LLC*, No. CV GLS-22-2244, 2023 WL 4593372, at *4 (D. Md. July 18, 2023) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 922 (2011)).

Integrity is a Delaware limited liability company with its headquarters in Dallas, Texas. ECF 26 ¶ 7. Thus, Integrity is neither organized nor headquartered in Maryland. Consequently, this Court lacks personal jurisdiction over Integrity.

2. ***This Court Lacks Specific Jurisdiction over Integrity Because Integrity has not Purposefully Directed any Relevant Activity to Maryland.***

Plaintiff's own allegations conclusively negate any finding or inference that Integrity took any action or inaction relevant to this case to the State of Maryland generally. For instance, each of the thirteen calls at issue were unanimously made on behalf of "American Senior Benefits" or "American Benefits" or "Senior Solutions." ECF 26 ¶¶ 13-26. Indeed, Plaintiff directed his demand letter to American Senior Benefits, LLC at 12722 South Black Bob Road; Olathe, Kansas—not Integrity. ECF 1-4 at 2 of 13. As such, Plaintiff alleges no facts whatsoever that Integrity initiated or directed any calls to him or any other Marylander. Accordingly, there is no allegation or evidence that Integrity "purposefully directed" actions to Maryland or that Plaintiff's claims arise out of any such supposed conduct.

Plaintiff might try to save his pleading by alleging that American Benefit LLC (not "American Senior Benefits," or "Senior Solutions") is affiliated with Integrity, LLC. *See* ECF 1-5. Any such claim must fail for multiple reasons. To begin, Plaintiff does not attempt to allege the nature of any relationship between American Benefit LLC. *See generally* ECF 26. Plaintiff just attaches what appear to be partial screenshots of a website, without any foundation or allegations whatsoever about what they are. *See* ECF 1-5.

To be sure, the company referenced in ECF 1-5 is a subsidiary of Integrity, LLC. But that does not save Plaintiff's complaint from dismissal. Plaintiff's attachments suggest that he is referencing two different companies. His demand letter is addressed to "American Senior Benefits, LLC" on South Black Bob Road in Olathe, Kansas. *See* ECF 1-4. However, Plaintiff's screenshots appear to refer to a different entity, "American Benefit, LLC" on Mormon Coulee Road. *See* ECF 1-5.[3] Thus, under Plaintiff's own allegations, Plaintiff's case is one of mistaken identity and this Court's analysis can end here.

Even assuming *arguendo* that Integrity's subsidiary *was* the company calling him (which is not consistent with Plaintiff's own allegations), that does not support jurisdiction over Integrity. Subject to limited exceptions not at issue here, a subsidiary's contacts do not justify jurisdiction over a parent company. *E.g.*, *Bristol-Myers*, 582 U.S. at 262 (2017) ("Specific jurisdiction is very different. For a state court to exercise specific jurisdiction, **the *suit* must arise out of or relate to the defendant's contacts** with the *forum*.") (italics in original, other emphasis added); *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[T]he relationship must arise out of contacts that the defendant *himself* creates with the forum State.") (internal quotations omitted, emphasis in original); *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (quotations omitted, parenthetical in original); *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005) ("Nor can Keppel's Texas shipyard provide the basis for general

---

3 The Integrity subsidiary, American Benefit LLC, on Mormon Coulee Road is in La Crosse, Wisconsin. https://integrity.com/partner/american-benefit-llc/ (last visited on April 4, 2025). Although that information is not directly reflected in ECF 1-5 or Plaintiff's complaint, the Court should consider the information at the link cited in this footnote, because it is a more complete version of at least one of the webpages Plaintiff appears to have submitted. "A court passing on a motion to dismiss may consider attachments to a complaint or the motion to dismiss if integral to the complaint and authentic." *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016) (quotations omitted).

jurisdiction, because it is generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity."); *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 446 (D. Md. 2019) (citations, quotations, and brackets omitted) ("It is well settled that a corporation exists as a legal entity separate and distinct from its corporate shareholders…Thus, it is generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity."). Accordingly, Plaintiff cannot hold Integrity liable for alleged actions of its subsidiaries simply because of a parent-subsidiary relationship. Because Plaintiff pleads no connection between Integrity and the callers, the Court cannot find that Integrity directed relevant activity to Maryland.

Plaintiff is aware of these defects and sought to cure them by amending his complaint. *See* ECF 26. However, Plaintiff's amendments still fall flat. For instance, his new allegation that Integrity acted "through its many partners (agents)" is just as conclusory as the rest of his Complaint. *Id.* ¶ 4. Even crediting Plaintiff's allegation that Integrity acquired Maryland entities who may sell insurance does not help Plaintiff because his claims do not arise out of those alleged contacts. *Walden,* 571 U.S. at 286 ("But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) ("Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.") (internal quotations and citations omitted). Plaintiff does not claim that this case arises out of the acquisition of those companies or even that those companies called him. *See id.* Thus, his additional jurisdictional allegations do not help him.

Plaintiff's complaint suffers an even more fundamental defect: he does not have a Maryland area code. "In TCPA cases, courts generally find that specific jurisdiction exists when a defendant makes a call or sends a message into the forum state ***by targeting a telephone number within the particular forum***." *Mey v. All Access Telecom, Inc.*, No. 5:19-CV-00237-JPB, 2021 WL 8892199, at *3 (N.D.W. Va. Apr. 23, 2021) (collecting cases analyzing jurisdiction by evaluating the area code of Plaintiff's telephone number). As such, even assuming that someone called his telephone in violation of the TCPA, there is no basis to conclude that that person "purposefully availed" themselves of doing business in Maryland.

Consequently, Plaintiff wholly fails to tie any conduct by Integrity to Maryland. Thus, there is no basis to conclude (1) Integrity purposefully availed itself "of the privilege of conducting activities in" Maryland; (2) Plaintiff's claims arise out of conduct ***directed*** at Maryland; and (3) exercising jurisdiction over Integrity would at all be reasonable under these circumstances. *See Clarke*, 821 Fed. Appx. at 244; *Crabtree*, 2025 WL 943371, at *2. Accordingly, because Plaintiff does not allege any action by Integrity—purposeful or otherwise—he cannot hale Integrity into this Court.

### C. PLAINTIFF FAILED TO STATE A CLAIM AGAINST INTEGRITY BECAUSE ALL OF HIS ALLEGATIONS RELATED TO INTEGRITY ARE CONCLUSORY AND NOT CREDIBLE.

#### 1. *Taking all of Plaintiff's Well-Pleaded Claims as True, he has not Alleged Integrity did Anything Wrong.*

As stated *supra*, even a cursory reading of Plaintiff's complaint demonstrates that he has not stated a claim against Integrity. The TCPA and its regulations proscribe "mak[ing]" a call using an ATDS, "initiat[ing]" a call using an artificial or prerecorded voice, or "initiat[ing]" a call to a number on the do-not-call registry. 47 U.S.C. § 227(b)(1)(A), (B); 47 C.F.R. § 64.100(c)(2). Here, Plaintiff does not allege that Integrity initiated any telephone calls. Instead, he relies on allegations that a third party made the relevant telephone calls. *See* ECF 26 ¶¶ 13-26. Indeed, this

District has previously dismissed allegations from this same Plaintiff where he "[did] not allege that anyone he spoke to during these calls stated that they worked for [Defendant]." *Nickson v. Advanced Mktg. & Processing, Inc.*, No. CV DLB-22-2203, 2023 WL 4932879, at *4 (D. Md. Aug. 2, 2023). Other courts in this Circuit agree: "Accordingly, at the pleading stage, plaintiff must allege facts to support his conclusion or belief ***that defendant is the party*** that made the calls to plaintiff's cellular phone." *Bryant v. Byron Udell & Associates Inc.*, No. 123CV00414AJTLRV, 2023 WL 5180351, at *5 (E.D. Va. Aug. 11, 2023) (emphasis added). Simply put, Plaintiff has not alleged that Integrity violated the TCPA; thus, he failed to state a claim against Integrity. Accordingly, the Court should dismiss his complaint.

Additionally, although Plaintiff might try to allege that Integrity should be held responsible for the conduct of its subsidiaries, there are no facts alleged at all in the complaint that even mention Integrity or a supposed relationship between Integrity and the entity at issue. Indeed, Plaintiff's own exhibits demonstrate that the company that he believes called him, see ECF 26 ¶¶ 13-26 & ECF 1-4 at 1, is not the entity that is an Integrity subsidiary, see ECF 1-5, *supra* at 10 n.2. Thus, Plaintiff has not even alleged a connection between Integrity and the caller, much less Integrity and the calls themselves.

Assuming that the entity that called Plaintiff was in fact Integrity's subsidiary (which is not supported with well-pleaded allegations), parent companies are separate legal entities from their subsidiaries. *See supra*. Thus, alleging a subsidiary violated the TCPA does not support a claim for relief against Integrity.

Lastly, Plaintiff alleges that:

> 9. Integrity used its acquired partners, agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, insurers and

> third-party vendors and sub-vendors to violate the "Telephone Consumer Protection Act" as well as the FCC's "Truth In Caller I.D. Act" by placing spoofed telemarketing calls without consent to Plaintiff's cell phone to sell its insurance products which Integrity facilitated or controlled and for the financial benefit of Integrity.

ECF 26 ¶ 9. This boilerplate afterthought of an allegation is conclusory and cannot support a plausible inference of vicarious liability. This single sentence does not attempt to connect Integrity to the companies that called Plaintiff with any meaningful detail. And the lack of good-faith pleading is exemplified by the fact that Plaintiff includes random third-parties without any facts, such as "heirs," "members," "trustees," "sureties," "subrogees," and "insurers." Additionally, as described supra, Plaintiff's reference to Integrity's "many partners (agents)" simply does not plausibly allege agency. *Id.* ¶ 4.

This simply cannot save Plaintiff's complaint. As the Fourth Circuit has explained, "[l]egal conclusions or conclusory statements do not suffice." *Decoster,* 119 F.4th at 337 (citing *Iqbal*, 556 U.S. at 678). Thus, "at the pleadings stage, plaintiff must allege some facts regarding the relationship between an alleged principal and agent that show defendant had the right to control the party making the calls; plaintiff cannot simply allege general control in a vacuum." *Scruggs*, 2020 WL 9348208, at *9 (quotation marks omitted); *Aaronson v. CHW Group, Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, at *3 (E.D. Va. Apr. 15, 2019) (finding allegation that "defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers" was a "conclusory, boilerplate allegation plainly fails to provide any *facts* to demonstrate an agency relationship between defendant and the party who physically initiated the call.); *see also Lombel v. Flagstar Bank F.S.B.*, No. PWG-13-704, 2013 WL 5604543, at *5 (D. Md. Oct. 11, 2013) ("With respect to Davlaw's duties

to Defendant, though, Plaintiffs make only conclusory allegations that do not suffice to allege an agency relationship. ").

Accordingly, the Court should dismiss Plaintiff's complaint.

**2. *The Court Should Dismiss Plaintiff's Complaint Because Plaintiff Failed to Plausibly Allege that Integrity uses an ATDS.***

To come within the prohibitions of Section 227(b)(1)(A)(iii), a caller must use an ATDS. 47 U.S.C. § 227(b)(1)(A)(iii). An ATDS is a system "which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). This necessarily refers to "a device [that] must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021).

In order to plausibly state a claim that a defendant used an ATDS, a plaintiff must plead actual facts to support that allegation, and merely stating allegations in a conclusory fashion is not sufficient. *E.g.*, *Worsham v. Disc. Power, Inc.*, No. CV RDB-20-0008, 2021 WL 3212589, at *3 (D. Md. July 29, 2021) ("Worsham again fails to assert any facts to support this allegation that Discount Power used an ATDS."), *amended on reconsideration on other grounds*, No. CV RDB-20-0008, 2021 WL 5742382 (D. Md. Dec. 1, 2021), aff'd, No. 22-1942, 2023 WL 2570961 (4th Cir. Mar. 20, 2023); *Thomas-Lawson v. Koons Ford of Baltimore, Inc.*, No. CV SAG-19-3031, 2020 WL 1675990, at *4 (D. Md. Apr. 6, 2020) ("[C]ourts have consistently determined that, in order to state a claim, plaintiffs must allege some facts permitting an inference that an ATDS was used to transmit the communications at issue.") (collecting cases); *see also Ortega v. DiTommaso Inc.*, No. 5:24-CV-00369-JKP, 2025 WL 440278, at *3 (W.D. Tex. Feb. 6, 2025) ("Here, while Ortega does allege the use of an ATDS, those allegations are conclusory considering, since *Duguid*, circuit courts have emphasized

the need to plausibly allege the use of an ATDS by focusing on facts that could show the defendant's device used a random or sequential number generator to produce or store phone numbers (as opposed to another method).") (internal brackets and quotations omitted, internal parenthesis in original) (collecting circuit court cases); *Horton v. 360 Digital Mktg., LLC*, No. 3:22-CV-2475-E-BN, 2024 WL 3032447, at *5 (N.D. Tex. May 13, 2024), *report and recommendation adopted*, No. 3:22-CV-2475-E, 2024 WL 3033626 (N.D. Tex. June 17, 2024) ("But all of Horton's allegations as to the use of an ATDS are conclusory. That is, he has not plausibly pled the use of an ATDS by alleging facts that indirectly suggest that such a device was used.") (internal brackets and quotations omitted); *Brailey v. F.H. Cann & Associates, Inc.*, No. CIV. 6:14-0754, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014) ("Cann argues that Brailey's TCPA claim should be dismissed because it merely alleges, in conclusory fashion, that Cann used an 'automatic telephone dialing system' and contains no factual allegations permitting that an inference.").

Here, Plaintiff does not allege facts supporting an inference that Integrity (or anyone else for that matter) uses "a device [that] must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *See Duguid*, 592 U.S. at 399. True, Plaintiff alleges he observed "spoofed" telephone numbers, received frequent calls, and heard beeping noises, see ECF 26 ¶¶ 13-26, 29, but that is insufficient to plausibly allege the use of an ATDS. Indeed, this District has rejected similar allegations by this very Plaintiff. *Nickson*, 2023 WL 4932879, at *5 ("Nickson offers the following allegations relevant to ATDS use: (1) PMC used 'spoofed' phone numbers; (2) 'the frequency in which the calls came in,' namely five calls over an eighteen-day span; (3) during each call in which a live representative spoke, Nickson first heard a beeping sound and short pause; and (4) additional TCPA claims against PMC have been filed in multiple courts. But none of these allegations suggests the calls were dialed by equipment that can store or produce

telephone numbers 'using a random or sequential number generator' and that can 'dial such numbers.'"). This Court should apply the same result and dismiss Plaintiff's complaint.

Indeed, Plaintiff's allegations actually undercut any inference that an ATDS system was used. For example, Plaintiff claims that he called some of the telephone numbers back and spoke with live human beings. ECF 26 ¶¶ 20-21. That is not consistent with an inference that the offending callers used an ATDS. *Accord Nickson*, 2023 WL 4932879, at *5.

Accordingly, the Court should dismiss Plaintiff's ATDS allegations.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's Second Amended Complaint.

DATE: May 1, 2025

Respectfully submitted,

*/s/ Michael P. Lynn*

**Michael P. Lynn, P.C.,** ***pro hac vice***
Texas Bar No. 12738500
Email: mlynn@lynnllp.com
**Joshua D. Lang,** ***pro hac vice***
Texas Bar No. 24109450
Email: jlang@lynnllp.com
**Andy Kim,** ***pro hac vice***
Texas Bar No. 24136638
Email: akim@lynnllp.com

**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

*/s/ David B. Applefeld*

David B. Applefeld (Federal Bar No. 08311)

*/s/ Patrick J. L. Dillon*

Patrick J. L. Dillon (Federal Bar No. 22119)

SHAPIRO SHER GUINOT & SANDLER, P.A.
250 West Pratt Street, Suite 2000
Baltimore, Maryland 21201
Telephone: (410) 385-4267
Facsimile: (410) 539-7611
dba@shapirosher.com
pjld@shapirosher.com

**ATTORNEYS FOR INTEGRITY MARKETING GROUP, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record via electronic filing and via first-class mail, postage prepaid on Plaintiff Beaufort Nickson on May 1, 2025.

*/s/ Joshua D. Lang*
Joshua D. Lang